(No. 90-CC-2016-)

TERRY DOLL, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 26, 1994.*

TERRY DOLL, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (VERNE E. DENTINO, Assistant Attorney General, of counsel), for Respondent.

## OPINION

PATCHETT, J.

Claimant, an inmate with the Illinois Department of Corrections, seeks judgment against the Respondent, State of Illinois, in the sum of $100,000 for injuries allegedly sustained by the Claimant on January 12, 1988, as a result of an attack by other inmates.

During the trial of this claim, the Claimant testified that on January 12, 1988, he had just returned from the library to his cellhouse. He was on the flag leading upstairs to the gallery. An inmate walked up behind him and stabbed him in the back. When the Claimant turned to face the inmate, he saw a sharp object coming toward him. He raised his arm and was stabbed in the left arm.

Claimant contends that he was attacked by gang members known as "Latin Disciples." He further contends

that the situation in which he was involved was a riot, and it apparently started sometime in the morning while he was at the library. The Claimant was assisted by agents of the Department of Corrections to a secure area. In that area, he observed some of the same inmates attack other employees of the Department of Corrections.

Claimant testified that he could not identify his assailants. He was taken to the hospital for medical attention and transferred to the Chester Hospital, where he remained for several days for treatment.

Claimant argues that he should not have been allowed back into the cellhouse by the officer working the door because he "presumes" that the officer knew there were problems in the cellhouse. He himself learned of the conditions in the cellhouse after he had been stabbed and taken to the hospital, by overhearing corrections officers and inmates discuss the situation. He claims that if he had not been admitted to the cellhouse during a time of danger, his injuries would not have occurred. He further testified that most guards carry radios and problems are immediately announced over the radio network, allowing the guards to know of the situation. He testified that the radios work a "majority of the time," but had no idea if the radio possessed by the guard in question was working on the day in question.

Claimant testified that he had scars from his wounds and demonstrated the scars to the Commissioner of this Court. He denied that he was prevented from doing anything that he could do before the injury. He did however complain that he had constant back pain since he was stabbed in the kidney. He has been taking Tylenol and muscle relaxants that have not given him relief.

A departmental report was admitted into evidence pursuant to rules of the Illinois Court of Claims. Various

employees of the Department of Corrections have prepared reports which were part of the departmental report. In light of the departmental report, the Claimant's testimony is not persuasive. The weight of the evidence established by the Department of Corrections employees is that the chain of events which ultimately led to the Claimant's injury began long after the Claimant had returned to the cellhouse. The officer who allowed the Claimant back into the cellhouse was attacked and seriously injured subsequent to the time he let the Claimant in. The Claimant's own testimony established that Officer Derickson who checked his "cell pass" did not appear to be upset or agitated at the time he was let back into the cellhouse. Since the attack on Officer Derickson obviously took place after the Claimant was let back into the cellhouse, a significant amount of time had to pass between the time the Claimant was readmitted and the attack on him. The Claimant has failed to prove any negligence on the part of the Department of Corrections.

Furthermore, the Respondent is not responsible for acts of third parties under circumstances such as presented here. (*Mitchell v. State* (1989), 41 Ill. Ct. Cl. 124.) Neither is the State an insurer as to the safety of an inmate in its custody. (*Petrusak v. State* (1987), 39 Ill. Ct. Cl. 113.) Neither the Claimant or the State had any advance information which would have put the State on notice that the Claimant was likely to have been attacked.

Therefore, the State is not guilty of negligence and the claim is denied.